IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JESUS JAVIER RAMOS-SOTO,<br><br>    Defendant.<br>_____ | NO.   CR 06-00340-TUC-FRZ (BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS AND MOTION TO DISMISS RE: LOST EVIDENCE** |

On February 15, 2006, the Defendant Jesus Javier Ramos-Soto was indicted for possession with intent to distribute 119 kilograms of marijuana. On May 22, 2006, Defendant filed a Motion to Suppress Evidence (Docket # 9). The Government filed its Response on July 1, 2006 (Docket # 29), the Defendant filed his Reply on August 29, 2006 (Docket # 46), and the Government filed a Supplemental Response on September 7, 2006 (Docket # 52).

On August 28, 2006, the Defendant filed a Motion to Dismiss Re: Lost Evidence (Docket # 44). The Government filed its Response on September 6, 2006 (Docket # 51)

The matter came on for Evidentiary Hearing before the Court on September 8, 2006. The Government called South Tucson Police Officer Dan Snyder as a witness. The Defendant called no witnesses.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after his independent review and consideration, enter an order **DENYING** Defendant's Motion to Suppress and Motion to Dismiss Re: Lost Evidence.

# FACTS

The Defendant was arrested for possession of marijuana with intent to distribute on January 19, 2006. His automobile (1993 Mercury Sable) was seized for forfeiture. The forfeiture was conducted through the Pima County Attorney for the benefit of South Tucson. On February 6, 2006, the Defendant was served with an English language Forfeiture Complaint and an Answer to Contest Forfeiture. The Defendant seems not to have shown his attorney these documents. The Government gave no notice to the defense that the vehicle was scheduled for forfeiture.

On May 18, 2006, Judge Bernini signed an Order of Forfeiture for the Mercury Sable. On June 2, 2006, the defense requested of the Assistant U.S. Attorney, Ms. Corlett, permission to view the vehicle. Sometime within one week of the request, Ms. Corlett commenced to locate the vehicle. The vehicle was sold on June 6, 2006, and is now with its owner in Zapopan, Jalisco, Mexico.

Around August 13, 2006, Ms. Corlett learned that the vehicle was sold. She so informed all by August 15, 2006. Defendant's Motion to Dismiss was filed August 28, 2006.

The Defendant's Motion to Suppress and Motion to Dismiss came on for hearing on September 8, 2006.

# DISCUSSION

The Defendant did not at any time file a Motion to Preserve Physical Evidence. The Defendant did file on August 8, 2006, a Motion to Inspect Seized Vehicle (Docket # 36), which the Court granted on August 9, 2006 (Docket # 37).

The U.S. Attorney's office has no protocol for advising defense counsel that physical property taken from Defendants is going to be seized by any designated government entity.

This is a case where, if the Defendant had not fled, the result recommended by this Court could be different. The Court's reading of Defendant's Motion to Suppress suggests some credibility problems for law enforcement, i.e. the ability to see marijuana through a small untinted area of an otherwise darkly tinted window. The Defendant's flight, however, makes the loss of the vehicle irrelevant.

The vehicle's condition at trial is questionable because suppression is not a jury determination, nor would the unbelievability of the agent's claimed ability to see the marijuana make the marijuana found disappear. The Defendant's statements acknowledging guilt further weakens at trial any relevancy about the Mercury's condition.

## **CONCLUSION**

It is the recommendation of this Court that the District Judge, after his independent review and consideration, enter an Order **DENYING** Defendant's Motion to Suppress (Docket # 9) and Defendant's Motion to Dismiss Re: Lost Evidence (Docket # 44). It is the further recommendation of this Court that no jury instruction regarding destruction of evidence be given.

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have ten (10) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 06-00340-TUC-FRZ.

DATED this 11th day of September, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge